## VALLADARES *v.* MUNICIPAL COURT.

### APPEAL from the District Court of Mayagüez.

No. 425.—Decided March 7, 1910.

MUNICIPAL COURT—UNLAWFUL DETAINER—JURISDICTION.—Where the rental or the amount or sum to be paid by virtue of any contract does not exceed one thousand dollars per annum, municipal courts have jurisdiction of actions of unlawful detainer, without reference to the grounds upon which the complaint is based.

APPEAL—UNLAWFUL DETAINER.—In order that an appeal may be deemed to have been duly taken in an action of unlawful detainer, it is necessary that a written statement be delivered to the secretary of the court, in which the judgment was rendered, within five days counting from the date of the judgment, to the effect that the appeal is taken; that a like statement be delivered to the opposite party or to his counsel, and that the requirements in regard to deposits or bonds provided for by section 12 of the act governing unlawful-detainer prceedings, approved March 9, 1905, be complied with.

The facts are stated in the opinion.

*Mr. Pascasio Fajardo* for appellant.

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal taken from a judgment rendered by the District Court of Mayagüez finally refusing to annul the proceedings had in the municipal court of that city in the case of *José Sifredo* v. *Carmen Valladares,* relating to unlawful-detainer proceedings, upon an application for a writ of *certiorari* made by the said Carmen Valladares.

The transcript includes the proceedings had in the district court and in addition the record in the said case of *Sifredo* v. *Valladares,* in the matter of unlawful detainer.

The petitioner alleges that the municipal court acted without jurisdiction, inasmuch as the ground alleged for the dispossession was the expiration of the term of the contract and not non-payment of the lease price.

Let us examine the complaint. It is established .therein that Sifredo is the owner of a certain house in Mayagüez; that said house was occupied by the defendant Valladares "as the lessee thereof, under the condition of paying a monthly rental

of $9, due at the end of every year''; that the term of the lease had expired and upon demand being made on the lessee to vacate she had refused so to do.

The first paragraph of section three of the act establishing unlawful-detainer proceedings and fixing the procedure in appeals of this class of actions, approved March 9, 1905, provides as follows:

"The municipal judges in the districts in which the property is situated shall have jurisdiction to hear and determine actions of unlawful detainer, in all cases in which the amount specified in the lease as rental, or the consideration or sum which should be paid by virtue of any contract, does not exceed one thousand dollars, computed annually."

Upon an examination of the facts and a consideration of the law, it may be concluded without any hestitation whatsoever that the municipal court had jurisdiction. When the amount of the rental or the price or sum which must be paid under any contract, computed annually, does not exceed $1,000, municipal courts have jurisdiction to take cognizance of cases of unlawful detainer, no matter what the ground of the complaint may be.

This Supreme Court has heretofore established the following doctrine in the case of *Arribas* v. *Mirandés,* 2 Castro, 686:

"The jurisdiction of municipal courts in cases of unlawful detainer is limited solely to those cases in which the amount of the annual rental stated, in the contract or otherwise fixed does not exceed $1,000.

"In order to determine the jurisdiction in cases of unlawful detainer it is necessary only to consider the amount of the annual rental fixed in the contract and not the nature of the fault or fact on which the complaint in the proceeding is based."

It is also alleged by the petitioner that when she was summoned, it was not stated that if she failed to appear in person or through a legal representative, she would be dispossessed

without further summons or hearing, and that having appeared and filed a demurrer and answer, the judge without authorizing the parties to argue said exceptions or to introduce evidence, rendered judgment sustaining the complaint. Upon an examination of the record, it does not appear that such errors were committed. It appears therefrom that, upon the complaint being filed, the judge set a date for the appearance and ordered the defendant to be summoned in the legal manner; that said defendant appeared and took exceptions and answered the complaint; that the parties did not present evidence and that the court rendered judgment in favor of the plaintiff.

Let us now examine the errors alleged to have been committed after the rendition of judgment. The dispossession having been ordered on April 6, 1909, the defendant filed in the municipal court, a notice of appeal to the district court and furnished the necessary bond.

At this stage of the proceedings, the plaintiff filed a motion alleging that service of the notice of appeal had not been made on him within the term of five days established by the law and, therefore, that the court should annul the notice of appeal and declare its judgment final. The court granted the motion of the plaintiff on the ground of the provisions of section two of the act to govern appeals from judgments of municipal courts in civil cases, approved March 11, 1908, which reads as follows:

"Section 2.—The presentation of such notice of appeal to the secretary of the municipal court shall have the effect of staying execution of the judgment. If, however, the appellant fails, within the 10 days above-mentioned, to serve a copy of the notice of appeal on the opposite party or his attorney, such notice so presented to the secretary of the municipal court shall be annulled by the judge of the municipal court on motion of the opposite party."

And the question to be considered and decided is whether the municipal court did or did not have the power to render such decision.

The act establishing unlawful detainer proceedings of March 9, 1905, provides that appeals shall be taken within the period of five days after the date of the judgment. Section 13 thereof provides that the appeal having been interposed in proper form, the secretary and the stenographer shall proceed to prepare the record. And section 14 provides that the appeals shall be heard and determined in accordance with the Code of Civil Procedure.

And sections 296 and 297 of the Code of Civil Procedure provide that an appeal shall be taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating that the appeal is taken therefrom, or from some specific part thereof, and serving a similar notice on the adverse party or his attorney, and that when an appeal is perfected it stays all further proceedings in the court below, upon the judgment or order appealed from, or upon the matters included therein.

Consequently, in order to be able to consider an appeal to have been duly taken in an action of unlawful detainer it is necessary that within five days from the date of the judgment there be delivered to the secretary of the court in which such judgment was rendered or entered a notice of the appeal from the same or some specific part thereof, that a similar notice be served on the adverse party or his attorney and that the requisites of the deposit or undertaking in a proper case, established by section 12 of the act establishing unlawful detainer proceedings, be complied with.

Service of the notice of appeal on the adverse party or on his attorney was not made in this case within the term fixed by the law, and this being the case it is very clear that the appeal was not taken in due form and, therefore, that the effect of staying the judgment was not produced, the municipal court retaining full jurisdiction to order the execution thereof.

Under these circumstances, and taking into consideration the provisions of the act establishing unlawful detainer proceedings above-mentioned, the Code of Civil Procedure and

the act to regulate appeals from judgments of municipal courts in civil cases, approved March 11, 1908, the municipal court had the right to render a decision, as it did, the real effect of which was to declare that an appeal not having been taken in due form, the judgment was final, and, consequently, could be executed.

Furthermore, according to the record, the defendant herself expressly abandoned the appeal she had taken by a motion filed in the municipal court to annul the judgment it had rendered. This motion was argued by both parties and dismissed.

As the municipal court acted with jurisdiction in the case to which we have referred, and not having committed the errors of procedure alleged, we must affirm the judgment of the district court on the application for a writ of *certiorari* appealed from.

*Affirmed.*

Chief Justice Hernández and Justices Figueras, MacLeary and Wolf concurred.